**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario Alberto MUNIZ–TAPIA,**
**Defendant–Appellant.**

No. 04–40517.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 17, 2004.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H Michael Sokolow, Christopher Atkinson Jenkins, Federal Public Defender's, Office Southern District of Texas, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Mario Alberto Muniz–Tapia appeals his guilty-plea conviction and sentence for possession with intent to distribute over 100 kilograms of marijuana. He contends for the first time on appeal that 21 U.S.C. § 841 is facially unconstitutional in view of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acknowledges that his argument is foreclosed by *United States v. Slaughter*, 238 F.3d 580 (5th Cir.2000), but he seeks to preserve his argument for further review.

In *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." We have rejected the argument that *Apprendi* rendered the sentencing provisions of 21 U.S.C. § 841 facially unconstitutional. *Slaughter*, 238 F.3d at 582. As Muniz–Tapia concedes, our opinion in *Slaughter* forecloses his argument. *See id.*

The judgment of the district court is AFFIRMED.